[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11103
_____

D.C. Docket No. 1:13-cv-01180-MHS

ANTOINETTE THAXTON-BROOKS, M.D.,

Plaintiff-Appellant,

versus

JONATHAN BAKER,
GREGORY MOORE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 12, 2016)

Before JORDAN and ANDERSON, Circuit Judges, and KALLON,[*] District
Judge.

_____

[*] Honorable Abdul K. Kallon, United States District Judge for the Northern District of Alabama,
sitting by designation.

PER CURIAM:

Dr. Antoinette Thaxton-Brooks, a physician and former employee at the Stamps Health Services clinic at the Georgia Institute of Technology, appeals from the district court's grant of summary judgment in favor of Jonathan Baker, Dr. Gregory Moore, and the Board of Regents of the University System of Georgia ("the Regents") in her race discrimination and retaliation lawsuit under Title VII and 42 U.S.C. § 1981. Dr. Thaxton-Brooks' complaint alleged in relevant part that Baker retaliated against plaintiff because of plaintiff's protected activities. The complaint also alleged that Moore retaliated against plaintiff because of her protected activities. The complaint further alleged that the Regents racially discriminated against her because she is African-American by refusing to provide an alternative to Georgia Tech's new policy requiring all physicians at Stamps Health Services to become board certified as a condition of continued employment while holding out such an alternative for a white colleague. Finally the complaint alleged that the Regents retaliated against Dr. Thaxton-Brooks for asserting her rights under Title VII and § 1981 by denying her request for an alternative to the board certification requirement and terminating her employment.

## I.  THE CLAIM AGAINST BAKER

The only claim that remains alive against defendant Baker is a §1981 claim

that Baker retaliated against plaintiff because of plaintiff's protected activity.[1]  The only potential protected acts of plaintiff are her July 25, 2008 charge filed with the Georgia Commission on Equal Opportunity ("GCEO") and the United States Equal Employment Opportunity Commission ("EEOC") claiming racial discrimination in the selection of Baker as Director of Health Services instead of plaintiff, and plaintiff's May 6, 2009 letter to the President of Georgia Tech complaining of race discrimination and alleging that Baker and his subordinates had retaliated against plaintiff for filing a complaint. Plaintiff claims that, in retaliation for that protected activity, Baker created a hostile work environment to harass plaintiff.

Baker testified in deposition that he did not learn of plaintiff's July 25, 2008 GCEO/EEOC charge until June of 2009, when he learned of plaintiff's May 2009 letter to the president.  However, Knox, another employee in the office, stated in her affidavit that:

> Within two months after Mr. Baker was hired as the senior director at Stamps Health Services in the Fall of 2008, he told me that Dr. Antoinette Thaxton-Brooks had filed a complaint related to him being hired instead of her.

Chinaetta Knox Decl., at 3, ECF No. 57-1. Because Baker was promoted to the position of Director of Health Services in April 2008, and because plaintiff's

---

[1]    Other claims by plaintiff against Baker have been abandoned.

GCEO/EEOC charge was not filed until July 25, 2008, and because that time lapse is more than two months rather than "within two months" as Knox indicated, the district court completely discounted Knox's testimony, apparently agreeing with the Magistrate Judge who had concluded that Knox's testimony was "inherently unreliable."

We conclude that the district court erred. Taking all reasonable inferences in favor of plaintiff, as we must do in the summary judgment posture of this appeal, a plausible reading of Knox's affidavit is that she was mistaken as to the length of time after Baker was hired as Director of Health Services that the conversation took place. We believe that a reasonable inference, and perhaps even the most plausible inference, is that Knox was testifying that the conversation took place "in the Fall of 2008," which is sufficiently after plaintiff's July 25, 2008 GCEO/EEOC charge that Baker could well have learned thereof. In other words, a plausible reading of Knox's affidavit is that, in saying "within two months," she meant within a short time after Baker's promotion to the position of senior director. This is consistent with Knox's indication that the conversation occurred "in the Fall of 2008," is consistent with the possibility that Baker could well have known of the plaintiff's complaint by then, and is consistent with Knox's testimony that Baker had worked well with plaintiff before the late Summer of 2008, but that his attitude "changed dramatically" thereafter.

4

Because the district court erred with respect to the timing of Baker's knowledge, and because the district court has not considered in the first instance whether the totality of the alleged acts of harassment (from shortly after plaintiff's July 25, 2008 GCEO/EEOC charge until the end of the employment) rises to the necessary level of severity and pervasiveness to constitute a hostile working environment, we vacate the judgment of the district court with respect to plaintiff's § 1981 retaliatory hostile working environment claim against Baker and remand to the district court for further proceedings.[2]

## II. THE CLAIM AGAINST DR. MOORE

The only claim that remains alive against defendant Dr. Moore is a §1981 claim that he retaliated against plaintiff because of her protected activity.[3] The only potential protected act by plaintiff is her May 6, 2009 letter to the President of Georgia Tech making claims of race discrimination and retaliation against Baker

---

[2]    Both the Magistrate Judge and the district court declined to rule on the issue of whether the plaintiff's affidavit should be disregarded to the extent that its content was responsive to discovery requests and questions at deposition but improperly withheld. Both the Magistrate Judge and the district court considered the challenged content of the affidavit immaterial because it occurred before Baker's knowledge of plaintiff's protected activity. In light of the district court's error with regard to the timing of Baker's knowledge, its materiality finding with respect to plaintiff's affidavit is also error. On remand, the district court can also address the remaining issues relating to the plaintiff's affidavit.

In light of plaintiff's argument that there is some evidence that Baker enlisted the help of subordinates with regard to his harassment, the district court should also consider whether the actions of Baker's subordinates should be counted in the evaluation of the severity and pervasiveness issue.

[3]    Other claims by plaintiff against Dr. Moore have been abandoned.

and his colleagues.[4]  Plaintiff claims that, in retaliation for that protected activity, Dr. Moore in the fall of 2010 denied her request for exemption from the Board Certification requirement and her request for alternative opportunities for employment without the necessity of Board Certification.  She also claims that such retaliation played a part in Dr. Moore's role with respect to her termination on November 17, 2010.

Dr. Moore testified in deposition that he did not learn of plaintiff's complaints of discrimination and retaliation until preparing for her administrative appeal from her termination during the summer of 2011.  Although plaintiff attempts to rely upon several vague statements which, according to Knox, Dr. Moore made to her shortly after he was hired in the summer of 2010. We agree with the district court that the statements relating to Dr. Moore's agitation with plaintiff relate to the time period in the summer of 2011 when he was preparing for the administrative hearing.   We also agree with the district court that the vague comments which Dr. Moore allegedly made to Knox shortly after he was hired in the summer of 2010 cannot plausibly be interpreted to refer to plaintiff's complaints of discrimination and retaliation.  Plaintiff made the latter complaints more than a year before Dr. Moore was hired and those complaints were

---

[4]    Plaintiff has admitted that Dr. Moore did not at the relevant time know about her July 25, 2008 GCEO/EEOC charge, admitting that he learned of that for the first time in the summer of 2011 in connection with plaintiff's administrative appeal from her termination.

completely resolved by September, 2009, almost a year before the time of the alleged comments. We note that plaintiff wrote another letter to the President of Georgia Tech in May of 2010, complaining this time not about discrimination or retaliation but rather about ethical violations and questionable hiring practices. The vague comments attributed by Knox to Dr. Moore could plausibly relate to those very recent complaints by plaintiff. However, as the district court correctly found, those complaints do not constitute protected activities because they do not relate to racial discrimination or retaliation.  We conclude that the vague comments attributed to Dr. Moore could plausibly relate to the very recent unprotected complaints by plaintiff, but could not plausibly relate to the more distant protected complaints by plaintiff, which had long been settled and were not an issue with the relevant decision makers at the time. Because the May 2010 letter is not protected activity, it cannot be the source of a retaliation claim.

For the foregoing reasons, we agree with the district court that plaintiff has not adduced evidence to create a genuine issue of fact as to whether Dr. Moore knew of plaintiff's protected activity at the time he denied her an exemption to Board Certification and at the time he participated in the termination of her employment. Thus, the district court properly granted summary judgment in favor of Moore.

## III. THE TITLE VII RACE DISCRIMINATION
## CLAIM AGAINST THE REGENTS

Plaintiff claims that she suffered two adverse employment actions because of racial discrimination against her.  First, she claims that she was denied an exemption from Georgia Tech's new policy requiring physicians to become board certified as a condition of their employment and denied an opportunity for alternative opportunities for employment not requiring board certification because of racial discrimination against her.  The other adverse employment action of which she complains is her termination, again because of racial discrimination against her.[5]  Plaintiff's only claim of disparate treatment is that she and Dr. Miller (her white colleague) were similarly situated in all relevant respects, but that Dr. Miller was exempted from the Board Certification requirement and offered alternative opportunities for continued employment, while plaintiff was not.  After careful consideration of the briefs and relevant parts of the record, we conclude that plaintiff and Dr. Miller were not similarly situated in "all relevant respects." Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1326 n.17 (11th Cir. 2011).

Dr. Miller's situation was different from plaintiff's in that Dr. Miller faced a *per se* inability and ineligibility to take the Board Certification examination

---

[5]    We need not address whether plaintiff has waived any claim that her termination constituted an adverse employment action resulting from discrimination, as the district court held, because we conclude that plaintiff has not created a genuine issue of fact as to any disparate treatment.

because she had not completed a residency in any specialty at the time that Georgia Tech introduced its board certification requirement. Thus, unlike plaintiff who had the option to sit for and pass the Board Certification examination, it was impossible for Dr. Miller to complete a residency and take the exam within the time allotted by Georgia Tech's policy. Put differently, that plaintiff could, and in fact did, sit twice for the examination, albeit unsuccessfully, undermines her contention that she is similarly situated to Dr. Miller in all relevant respects. Examining this summary judgment record as a whole, it is significant that there is no evidence of racial bias on the part of any decision maker, and it is significant that the evidence shows that Georgia Tech's decision to require all of its physicians to be Board certified is clearly motivated by a legitimate business reason. We cannot conclude on this record that any reasonable jury could find that the adverse employment actions taken by defendants were a pretext for racial discrimination rather than actions taken for legitimate business reasons.[6]

For the foregoing reasons, the judgment of the district court is affirmed with respect to its summary judgment in favor of the regents on plaintiff's Title VII race discrimination claim.

---

[6] In light of our resolution, we need not actually decide whether plaintiff might have satisfied a prima facie case, because we readily conclude that no reasonable jury could find the defendant's actions were a pretext for discrimination.

## IV. THE TITLE VII RETALIATION
## CLAIM AGAINST THE REGENTS

Plaintiff's claim is based on her protected activity in filing an EEOC charge on July 25, 2008, alleging discrimination against defendants, as well as plaintiff's May 6, 2009, letter to the President of Georgia Tech complaining about Baker's retaliation against plaintiff for having filed the EEOC charge. Plaintiff claims that the retaliation against her took the form of the same two adverse employment actions discussed above – i.e., by the denial of her request for an exemption from the Board Certification requirement by affording her alternative opportunities for continued employment, and by her termination.[7] As did the district court, we note that over two years elapsed between the 2008 GCEO/EEOC charge and the alleged adverse employment actions and that over one year elapsed between the plaintiff's May 2009 letter to the president of Georgia Tech and the alleged adverse employment actions. Especially in light of the above discussion of the absence of evidence of racially discriminatory intent and the evidence of legitimate reasons for defendants' actions, we agree with the district court that no reasonable jury could find that plaintiff's protected activity, being so remote in time, was the cause of defendants' actions.

---

[7]    Any other claims against the Regents have been abandoned. In particular, plaintiff has abandoned, and does not argue on appeal, that the Regents are responsible for any hostile work environment as a result of racial discrimination against her. Thus, she has abandoned any hostile environment claim against the Regents.

10

## V. CONCLUSION

With respect to plaintiff's §1981 retaliation claim against Baker, the judgment of the district court is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.  In all other respects, the judgment of the district court is affirmed.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.